UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARDY WAY, LLC

    Plaintiff,

v.                                                          CASE NO: 8:10-cv-230-T-23EAJ

A.J. NAILS, INC., et al.,

    Defendants,
_____/

## **ORDER**

On May 28, 2010, the Clerk entered defaults (Docs. 8 and 9) against the defendants. Pursuant to Rule 55(b), Federal Rules of Civil Procedure, the plaintiff moves (Doc. 13) for a default judgment, and the defendants fail to respond.

The complaint alleges that the defendants infringed the plaintiff's "Ed Hardy" trademarks by selling "counterfeit copies of various Ed Hardy products that bear the Ed Hardy marks, as well as counterfeit products bearing the Ed Hardy marks that have no authentic counterparts." (Doc. 1, ¶ 23) The plaintiff seeks statutory damages of $20,000.00 under 15 U.S.C. § 1117(c), an injunction pursuant to 15 U.S.C. § 1116(a), attorney fees, and costs. By virtue of the default, the defendant admits the facts alleged in the complaint. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

Section 1117(c) provides:

> In a case involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court,

>    to recover, instead of actual damages and profits . . ., an award of
>    statutory damages for any such use in connection with the sale, offering
>    for sale, or distribution of goods or services in the amount of—
>
>    (1) not less than $1,000 or more than $200,000 per counterfeit mark per
>    type of goods or services sold, offered for sale, or distributed, as the
>    court considers just; or
>
>    (2) if the court finds that the use of the counterfeit mark was willful, not
>    more than $2,000,000 per counterfeit mark per type of goods or services
>    sold, offered for sale, or distributed, as the court considers just.

The complaint alleges that the defendants "knowingly and wilfully infringed upon Plaintiff's trademarks by using and modifying Plaintiff's marks for use in Defendants' enterprise." (Doc. 1, ¶ 28)  The affidavit attached to the motion for default judgment states that the Sarasota County Sheriff's Office discovered five counterfeit Ed Hardy sunglasses at the defendants' store.  Because the defendants wilfully offered for sale counterfeit goods bearing trademarks owned by the plaintiff, an award of statutory damages appears proper.  Accordingly, the motion (Doc. 13) is **GRANTED**.  The Clerk is directed to enter judgment in favor of the plaintiff and against the defendants in the amount of $20,000.00 for statutory damages pursuant to 15 U.S.C. § 1117(c).

Additionally, the defendants are **ENJOINED** from (1) purchasing, selling, offering for sale, or otherwise using in commerce any mark identical or confusingly similar to the "Ed Hardy" marks owned by the plaintiff and (2) assisting, aiding, or abetting any other person or entity's purchasing, selling, offering for sale, or otherwise using in commerce any mark identical or confusingly similar to the "Ed Hardy" marks owned by the plaintiff.

Following the entry of judgment, the Clerk is directed to (1) terminate any pending motion and (2) close the case. The plaintiff may submit a properly supported motion for fees and costs within the time prescribed by Local Rule 4.18.

ORDERED in Tampa, Florida, on July 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE